**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
EMMANUEL DE JESUS PEREZ RIVERA,
                                *Plaintiff*,

            -against-                                    **Civil Action No.:**

NATIONAL PACKING CORP., JUAN                **FLSA COLLECTIVE**
ECHEVERRY A/K/A JUAN ECHEVERRI and          **ACTION AND RULE 23**
JAVIER ROSALES                              **CLASS ACTION**
                                            **JURY TRIAL DEMANDED**

                        *Defendants.*
--------------------------------------------------------X

Emmanuel De Jesus Perez Rivera ("Plaintiff") by and through his/her attorneys, Law Offices of

Colin Mulholland and Naydenskiy Law Firm, LLC, upon his/her knowledge and belief, and as

against National Packing Corp., Juan Echeverry a/k/a Juan Echeverri and JAVIER ROSALES

(collectively, "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff bring this action, on behalf of himself and other employees similarly

situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et

seq. ("FLSA"). Plaintiff seeks, for himself and similarly situated employees, unpaid overtime,

liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and

equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2.      Plaintiff demands a jury trial on all issues that may be tried by a jury.

3.      Defendants' conduct extended beyond Plaintiff to all other similarly situated

employees.

4.      At all times relevant to this Complaint, Defendants maintained a policy and practice

of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without

providing them overtime compensation required by federal and state law and regulations.

5.      Plaintiff also brings this action, on behalf of himself and other employees similarly situated, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2.  Plaintiff seeks, for himself and all other similarly situated employees, overtime pay, spread of hours pay, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

## NATURE OF THE ACTION

1.      Plaintiff is a former employee of National Packing Corp., Juan Echeverry a/k/a Juan Echeverri and JAVIER ROSALES at 538 Craven St, Bronx, NY 10474.

2.       Defendants own(ed), operate(d), and/or control(ed) a Meat processor located at 538 Craven St, Bronx, NY 10474.

3.      Plaintiff was employed as a butcher from approximately April 5, 2021 through approximately March 2023.

4.      At all times relevant to this Complaint, Plaintiff and other similarly situated employees worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours he worked each week over 40 hours.

5.      Further, Defendants failed to provide Plaintiff and other similarly situated employees with the proper wage notices and statements under the New York Labor Laws.

6.      Plaintiff now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 et seq. and 650 et seq. ("NYLL"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA),

28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question).

Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. §

1367(a).

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a

substantial part of the events or omissions giving rise to the claims occurred in this

district, Defendants operate their business in this district, and Plaintiff was employed by

Defendants in this district.

## THE PARTIES

9.      Plaintiff Emmanuel De Jesus Perez Rivera ("Plaintiff") was employed by

Defendants at a meat processor owned and operated by Defendants from approximately

April 5, 2021 through approximately March 2023.

10.     Plaintiff consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b).

11.     National Packing Corp. is a domestic corporation organized and existing under the

laws of the state of New York. It maintains its principal place of business at 538 Craven

St, Bronx, NY 10474.

12.     National Packing Corp. is a closely held corporation owned by Defendant Juan

Echeverry a/k/a Juan Echeverri.

13.     Defendant Juan Echeverry a/k/a Juan Echeverri is an individual engaging (or who

was engaged) in business in this judicial district during the relevant time period. Defendant

Juan Echeverry a/k/a Juan Echeverri is being sued individually in his/her capacity as

owner, officer and/or agent of Defendant National Packing Corp. ('Defendant Corporation').

14.     Defendant Juan Echeverry a/k/a Juan Echeverri possessed substantial control over Plaintiff's working conditions, and held power over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff and other similarly situated employees.

15.     Defendant Juan Echeverry a/k/a Juan Echeverri had the power to hire and fire Plaintiff and other employees of the Defendants.

16.     Defendants Juan Echeverry a/k/a Juan Echeverri had the authority to set Plaintiff's and other similarly situated employee schedules.

17.     Defendant Juan Echeverry a/k/a Juan Echeverri had the power to and did enter into executory contracts for the company including client contracts and the lease.

18.     Defendant Juan Echeverry a/k/a Juan Echeverri hired and fired managers for the company.

19.     Defendant Juan Echeverry a/k/a Juan Echeverri established and ratified the payment practices at issue in this lawsuit including the amount and manner in which Plaintiff was paid.

20.     Defendant Juan Echeverry a/k/a Juan Echeverri is the primary beneficiary of the wage violations at issue in this lawsuit.

21.     Defendant JAVIER ROSALES was a manager for the Defendants.

22.     Defendant JAVIER ROSALES hired and fired Plaintiff with the consent and authority from Defendant Juan Echeverry a/k/a Juan Echeverri.

23.     Defendant JAVIER ROSALES directed Plaintiff and other employees in their daily tasks for the Defendants' business and set Plaintiff's schedule.

24.     Defendants employed Plaintiff and other similarly situated employees within the meaning of 29 U.S.C. § 201 e*t seq.* and the NYLL.

25.     In the alternative, Defendants constitute a single employer of Plaintiff.

26.     At all relevant times, Defendants were Plaintiff's and other similarly situated employees' employer within the meaning of the FLSA and New York Labor Law.

27.     Defendants, have/had a gross annual volume of revenue of not less than $500,000.

Emmanuel De Jesus Perez Rivera

28.     Throughout his/her employment with defendants, Plaintiff was employed as a Butcher in the meat processor located at 538 Craven St, Bronx, NY 10474.

29.     Plaintiff's work was supervised and his/her duties required neither discretion nor independent judgment.

30.     Plaintiff regularly worked in excess of 40 hours per week.

31.     From approximately April 5, 2021 to March 2023, Plaintiff worked six (6) days per week. From Monday through Friday, Plaintiff worked from 6 AM to 4:30 PM to 5 PM, and Saturdays he worked from 6 AM to 1 PM.

32.     The first two years of Plaintiff's employment, Defendants paid Plaintiff $15 per hour and $16 per hour for work on Saturdays.

33.     Thereafter, Plaintiff was paid $16.00 per hour and $17.50 per hour for work on Saturdays.

34.     Defendants did not pay Plaintiff a proper premium for the hours he worked over 40 in a single week.

35.     No proper notification was given to Plaintiff and other similarly situated employees

regarding overtime and wages under the FLSA and NYLL for each year they worked or

change in rate of pay.

36.     Defendants never provided Plaintiff and other similarly situated employees with

each payment of wages a proper statement of wages, as required by NYLL 195(3).

37.     Defendants failed to provided Plaintiff and other similarly situated employees all

of the proper and complete notices in English and in their respective primary language, of

his/her rate of pay, employer's regular pay day, and such other information as required by

NYLL §195(1) upon being hired or each change in rate of pay.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff seeks certification of this action as a collective action on behalf of

himself, individually, and all other similarly situated employees and former employees of

Defendants pursuant to 29 U.S.C. § 216(b).

39.     Plaintiffs consent to being a party pursuant to 29 U.S.C. § 216(b), and bring these

claims based upon the allegations herein as a representative party of a prospective class

of similarly situated individuals under 29 U.S.C. § 216(b).

40.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section

16(b), 29 U.S.C. § 216(b) on behalf of all non-exempt employees employed by

Defendants in New York on or after the date that is three (3) years before the filing of this

Complaint ("FLSA Collective Plaintiffs").

41.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been

similarly situated, have had substantially similar job requirements and pay provisions, and

are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime hours for all overtime hours worked. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs.

42.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43.     The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

44.     Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

45.     Other non-exempt employees should have the opportunity to have their claims for violations of the FLSA heard.  Certifying this action as a collective action under the FLSA will provide other non-exempt employees to receive notice of the action and allow them to opt in to such an action if they so choose.


**RULE 23 CLASS ALLEGATIONS – NEW YORK**

46.     Plaintiff brings claims for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover overtime wages, statutory and other damages on behalf of all individuals employed in the State of New York by Defendants as non-exempt employees at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class Members" and/or the "Class".

47.     The number, names and addresses of the Class Members are readily ascertainable

from the records of the Defendants. The dates of employment and the rates of pay for

each Class Member, the hours assigned and worked, and the wages paid to them, are also

determinable from Defendants' records.  Notice can be provided by means permissible

under FRCP Rule 23.

48.     The proposed Class is so numerous that joinder of all Class Members is

impracticable, and the disposition of their claims as a Class will benefit the parties and

the Court. While the precise number of such persons is unknown to Plaintiffs and is

presently within the sole control of the Defendants, Plaintiffs believe that through

discovery they will obtain evidence to establish that there are at least forty members of

the Class.

49.     Plaintiff's claims are typical of those claims of the Class Members, and the relief

sought is typical of the relief which would be sought by each Class Member in separate

actions. All the Class Members were subject to the same corporate practices of

Defendants, in that Defendants failed to provide Class Members with proper notices

and/or wage statements as required by NYLL §195. Defendants' corporate-wide policies

and practices affected all Class Members similarly, and Defendants benefited from the

same type of unfair and/or wrongful acts as to each Class Member.

50.     Plaintiff is able to fairly and adequately protect the interests of the Class and has

no interests antagonistic to the Class.  Plaintiff retained Naydenskiy Law Firm, LLC and

Colin Mulholland, Esq. who are competent and experienced employment litigators.

51.     A class action is superior to other available methods for the fair and efficient

adjudication of the controversy – particularly in the context of wage and hour litigation

where individual class members lack the financial resources to vigorously prosecute a

lawsuit against corporate Defendants. Class action treatment will permit a large number

of similarly situated persons to prosecute their common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of efforts and

expense that numerous individual actions engender.  Because the losses, injuries and

damages suffered by each of the individual Class Members are relatively small in the

sense pertinent to a class action analysis, the expenses and burden of individual litigation

would make it extremely difficult or impossible for the individual Class Members to

redress the wrongs done to them.  On the other hand, important public interests will be

served by addressing the matter as a class action.  The adjudication of individual

litigation claims would result in a great expenditure of Court and public resources;

however, treating the claims as a class action would result in a significant saving of these

costs.  The prosecution of separate actions by individual members of the Class would

create a risk of inconsistent and/or varying adjudications with respect to the individual

members of the Class, establishing incompatible standards of conduct for Defendants and

resulting in the impairment of Class Members' rights and the disposition of their interests

through actions to which they were not parties.  The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is

empowered to, fashion methods to efficiently manage this action as a class action.

52.      Employees of Defendants are often afraid to individually assert their rights out of

fear of direct or indirect retaliation and former employees are fearful of bringing

individual claims because the fear that doing so could harm their employment, future

employment, and future efforts to secure employment.  A class action provides Class

Members who are not named in the Complaint a degree of anonymity which allows for

the vindication of their rights while eliminating or reducing these risks.

53.    The questions of law and fact common to the Class predominate over any

questions affecting only individual Class Members, including:

     a.  Whether Defendants employed Plaintiff and Class members within the meaning of the NYLL;

     b.  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class members properly;

     c.  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class members for their work;

     d.  Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

     e.  Whether Defendants paid Plaintiffs and Class members overtime wages for all overtime hours worked;

     f.  Whether Defendants paid Plaintiffs and Class members spread of hours pay

     g.  Whether Defendants provided proper wage statements to Class members per requirements of the NYLL; and

     h.  Whether Defendants provided proper wage notices to Class members per requirements of the NYLL.

54.    Absent a class action, many of the Class Members likely will not obtain redress of

their injuries and Defendants will retain the proceeds of their violations of the NYLL.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

55.    Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and

incorporates by reference all previous paragraphs as if they were set forth again herein.

10

56.     Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

57.     At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

58.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

59.     Because Defendants' violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

60.     Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

61.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

62.     Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff

and the Class Members the required overtime rates for hours worked in excess of forty (40)

hours per workweek.

63.     As a direct and proximate result of Defendants' unlawful conduct, as set forth

herein, Plaintiff and the Class Members have sustained damages, including loss of

earnings, in an amount to be established at trial.

64.     Plaintiff and the Class Members seek damages in the amount of their respective

unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees

and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems

just and proper.


### THIRD CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

65.     Plaintiff, on behalf of himself and the Class Members, realleges and incorporates

by reference all allegations in all preceding paragraphs as if they were set forth again

herein.

66.     Defendants failed to pay Plaintiff and the Class Members one additional hour's

pay at the basic minimum wage rate or prevailing regular rate of pay before allowances

for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab.

Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of

Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

67.     Defendant's failure to pay Plaintiff and the Class Members an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

68.     Plaintiff and the Class Members were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE

## REQUIREMENT OF THE NEW YORK LABOR LAW

69.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70.     Defendants failed to provide Plaintiff and the Class Members with a written notice, in English and in their primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

71.     Defendants failure to provide Plaintiff and the Class Members with a written notice resulted in Plaintiff and the Class Members working without knowledge of his/her correct overtime rate.

72.     Because Plaintiff and the Class Members did not receive required information in the form of a notice containing their correct overtime rate, Defendant was able to pay them without proper overtime premium.

73.     Plaintiff and the Class Members didn't know they were supposed to be paid overtime. Accordingly, they lost out on the ability to advocate for it and be paid according to the law's requirements.

74.     Defendants did not provide wage statements and notices in order to disguise the actual numbers of hours Plaintiff and the Class Members worked and to avoid paying the appropriate overtime wage.

75.     Plaintiff and the Class Members was denied their ability to proper document their hours worked and pay received and their ability to document income and employment history has been compromised by the Defendants' failure to issue proper notices and statements.

76.     Plaintiff and the Class Members were denied the ability to properly document their employment and income history.

77.      Defendants are liable to Plaintiff and the Class Members in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

78.      Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

79.    With each payment of wages, Defendants failed to provide Plaintiff and the Class

Members with a statement listing each the following: the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of

employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; gross wages; deductions; allowances, if any,

claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay;

the overtime rate or rates of pay; the number of regular hours worked; and the number of

overtime hours worked, as required by NYLL 195(3).

80.    Defendants failure to provide Plaintiff and the Class Members with proper wage

statements resulted in Plaintiff and the Class Members working without knowledge of

their correct overtime rate.

81.    Because Plaintiff and the Class Members did not receive required information in

the wage statements containing their correct overtime rate, Defendant was able to pay

them without proper overtime premium.

82.    Plaintiff and the Class Members didn't know they were supposed to be paid

overtime. Accordingly, Plaintiff and the Class Members lost out on the ability to

advocate for it and be paid according to the law's requirements.

83.    Defendants did not provide appropriate wage statements and notices to disguise

the actual numbers of hours the Plaintiff and the Class Members worked and to avoid

paying the overtime wage.

84.    Plaintiff and the Class Members were denied their ability to proper document

their hours worked and pay received and their ability to document their income and

15

employment history has been compromised by the Defendants' failure to issue proper notices and statements.

85.     Defendants are liable to Plaintiff and the Class Members in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

(f)     Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g)     Awarding Plaintiffs and the FLSA class members liquidated damages in an amount

16

equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and

damages for any improper deductions or credits taken against wages under the FLSA as applicable

pursuant to 29 U.S.C. § 216(b);

(h)  Declaring that Defendants violated the minimum wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(i)  Declaring that Defendants violated the overtime wage provisions of, and rules and

orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA Class;

(j)  Declaring that Defendants violated the notice, recordkeeping, and wage statement

requirements of the NYLL with respect to Plaintiffs', and the FLSA Class members',

compensation, hours, wages; and any deductions or credits taken against wages;

(k)  Enjoining Defendants from future violations of the NYLL;

(l)  Declaring that Defendants violated the recordkeeping requirements of the NYLL

with respect to Plaintiffs', and the FLSA Class members', compensation, hours, wages; and any

deductions or credits taken against wages;

(m)  Declaring that Defendants' violations of the New York Labor Law were willful as

to Plaintiffs and the FLSA Class members;

(n)  Awarding Plaintiffs and the FLSA class members damages for the amount of

unpaid minimum and overtime wages as well as damages for any improper deductions or credits

taken against wages;

(o)  Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and

recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)  Awarding Plaintiffs and the FLSA class members liquidated damages in an amount

equal to one hundred percent (100%) of the minimum wages and overtime compensation shown

to be owed pursuant to NYLL § 663 as applicable;

(q)     Awarding Plaintiffs and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(s)     Enjoining Defendants from further violations of the NYLL and FLSA;

(t)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: October 25, 2024

By:     */s/ Colin Mulholland*

Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019

*/s/ Gennadiy Naydenskiy*

Gennadiy Naydenskiy (GN5601)
Naydenskiy Law Firm, LLC
426 Main St, #201
Spotswood, NJ, 08884
718-808-2224

18

*Attorneys for Plaintiff*